# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-544V
UNPUBLISHED

| | |
|---|---|
| LORI CELUCH,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 24, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On April 16, 2018, Lori Celuch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 17, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 27, 2020, I issued a Fact Ruling,[3] finding there is preponderant evidence to establish that the onset of Petitioner's left shoulder pain occurred within 48 hours of her October 17, 2016 flu vaccination. Findings of Fact at 5 (ECF No. 37).

On September 17, 2020, Respondent filed an amended Rule 4(c) Report indicating that, although he reserves his right to a potential appeal of the factual ruling, he recognizes my factual finding is "the law of the case . . . [and] advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters." Amended Res. Report at 2 (ECF No. 46).

Respondent indicates that, based on my fact ruling and the medical record evidence submitted in this case, "DICP will not continue to contest that [P]etitioner suffered SIRVA as defined by the Vaccine Injury Table." *Id.* at 4.[4] In addition, Respondent states that Petitioner suffered the residual effects of her condition for more than six months. *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                **s/Brian H. Corcoran**
                Brian H. Corcoran
                Chief Special Master

---

[3] Respondent had previously filed a Rule 4(c) Report on November 12, 2019 recommending that compensation be denied in this case.  ECF No. 32.

[4] Respondent specifically notes that he "does not believe that he would be able to establish by preponderant evidence an alternative source of [P]etitioner's pain." Amended Res. Report at 2.